Wheelee, J.
The material question to he determined is upon the legal sufficiency of the answer.
It is only necessary to notice so much of the answer as respects the sufficiency of the averments contained in it to entitle the defendant to a rescission of the contract it discloses. Its averments arc, in substance, that i he consideration of the note sued on was a half league of land sold the defendant by the plaintiff as administrator of William Pettus, deceased; that the plaintiff had no title to the land, either at the date of the sale, on the 5th day of August, 1S51, or of the conveyance, on the 2Sth of the same month, for that the plaintiff’s intestate, in his lifetime, on the 11th day of July, 1839, had sold the land to one George Adams, and made to him his bond to make title; that the plaintiff, well knowing' this, falsely represented to the defendant, before and at the time of the sakg that he had a good and perfect title; and that he made such representation knowing it to be untrue and with the intent to deceive and defraud the defendantthat the defendant, trusting to these false and fraudulent representations of the plaintiff, was thereby induced to make the purchase; and that the plaintiff’s conveyance gave him no legal and valid title to the laud. And he prayed a rescission of the contract; and to that end, that the defendant might be allowed to return to the plaintiff his deed, and to re-convey to him the premises; that the note sued on be canceled, and the parties placed in tlieir original condition as before the making of the contract. Taken as true, as for the purpose of considering its, sufficiency on the exceptions, the answer must be taken, we cannot doubt that it presents a proper case for the rescission of the contract. It makes out a case of positive fraud, which vitiates and avoids all contracts, when sought to be relieved against by the party defrauded. There is no principle which can sanction and give legai effect to a fraud by which an innocent person has been deceived to his prejudice, by whomsoever and in whatever capacity committed. There is no person, nor class of persons capable of contracting'at all, who are at liberty to perpetrate frauds upon others, to their injury, with impunity. Hot even infants and married women, who, for most purposes, are incapable of contracting so as to bind them, are exempt from the obligation to observe in their dealings with others the dictates of natural justice and common honesty.
An administrator, it is true, cannot create a charge upon the estate he rep-presents by his illegal or fraudulent acts; and it is equally true that the estate cannot derive benefit, or obtain a legal advantage as against innocent third persons, by means of such acts. The estate can neither be charged nor can it charge others by means of the illegal or fraudulent acts of its legal representatives. That an administrator in his representative capacity cannot derive benefits from frauds committed by him in that or any other capacity is a proposition too plain to require illustration. It is (says Judge Story in his Commentaries on Equity Jurisprudence) manifestly a result of natural justice that a party ought not to be permitted to avail himself of any agreement, deed, or other instrument, procured by his own fraud, or by his own violation of legal duty, or public policy, to the j>rejudice of an innocent party. (2 Story, Eq., sec. 695.) It would, indeed, bo a monstrous doctrine to hold that estates may speculate upon the fraudulent acts of their legal representatives.
It is objected to the legal sufficiency of the answer that it is not properly verified. To this and other objections, now first urged to its sufficiency in point of form, it will suffice to say, that when the plaintiff undertook to except specially to the answer, lie ought to have indicated all the grounds of exception on which ho intended to rely. ’ Where a party excepts specially to the pleading of his adversary, the latter has a right to regard all other objections than those indicated, unless to matters of substance, as waived. Beyond the grounds of exception specially set forth, the court will only look to the substance of the pleading.
Note 48. — O’Brien v. Hilburn, post, 297. Fraudulent representations made by an administrator at the sale of the property of the estate respecting the character and soundness of the property, by which the purchaser is misled, entitle the latter to a rescission of the contract or an abatement of the price to be paid. (Able v. Chandler, 12 T„ 88.) A mere defect of title, in the absence of fraudulent representations, does not have such an effect. (Williams v. McDonald, 13 T., 322; Edmondson v. Hart, post 554.) Where the representation of the administrator is but an honest expression of his opinion upon facts equally well known to the purchaser the rule of caveat emptor applies. (Walton v. Reagor, 20 T., 103; Hawpe v. Smith, 15 T. Supp., 448.) Where there is a failure of title to a part of the land conveyed it is the right of the purchaser to take what the vendor could convey and have an abatement of the price to .the extent of the failure of title. (Copeland v. Gorman, 10 T., 253.) Where an administrator sold land to which there was no other title than the location of a rejected and fraudulent certificate the principle of caveat emptor has no application. (Roel v. Pleasants, 31T., 45.) An allegation that the vendor fraudulently represented that he had a good title, when, in truth, he had no't the' title, is a sufficiently specific allegation of fraud. (Hays v. Bonner, 14 T., 629.)
It is objected that the answer does not aver that the defendant is disturbed in his possession. There is no averment, nor does it appear by the record that the defendant was in possession of the land. This, perhaps, would be the legal inference from his having' purchased and received a conveyance, and if the fact was otherwise, and it was .essential to his right, it was for him to show it. The prayer, however, that the defendant might'be permitted to deliver up his deed for cancelation, that the contract might be rescinded, and the parties placed in the condition they respectively occupied before the sale, cannot be otherwise considered than as a virtual offer on the part of the defendant to deliver up to the plaintiff not only the deed but the possession also, if, indeed, he had received it; and this was sufficient as to the matter of the possession. Had tlie exceptions raised this objection to the answer it might have beeu cured by amendment, or a more direct averment containing either an express offer to restore the possession, or showing a legal excuse for not doing so might have been required. But, as the question is presented, we think the pleading sufficient in substance, and 'that to require greater speciality where the attention of the pleader was not called to the alleged defect, and especially where it was diverted from this by exceptions specially taken to other parts of the answer, would be unjust to tbe defendant, and might have the effect to defeat the ends of substantial justice by requiring too great strictness in matters of form.
We are of opinion that the answer presented a valid defense to the action, set forth by averments in. substance sufficient, and that the court erred in sustaining the exceptions. The judgment is therefore reversed, and the cause remanded for further proceedings.
Beversed and remanded.