## ADVANCE–RUMELY THRESHER CO., Inc., v. HIGGINS.   (No. 2574.)*

(Court of Civil Appeals of Texas. Amarillo. Jan. 6, 1926. Rehearing Denied Jan. 27, 1926.)

1. **Sales ☞38(9)—Buyer of tractor not held to written contract resulting from seller's false representations.**

Where buyer was induced by false representations of seller's agents to sign written contract for purchase of tractor, and sought to recover on ground of fraud, seller could not hold him to terms of written contract.

2. **Evidence ☞434(8)—Parol evidence rule not applicable in action for fraud in inducing execution of written contract.**

In action for fraud and deceit, which had induced execution of written contract, rule that parol evidence is inadmissible to vary terms of such a contract is not applicable to extrinsic evidence introduced to show fraud in procuring its execution.

3. **Limitation of actions ☞55(1)—Time statute of limitations began against claim on defective tractor stated.**

Where, in suit by buyer for fraud and deceit in sale of tractor, evidence showed negotiations relative to repairs between buyer and seller were continuous from time defects began to appear until seller notified buyer it intended to do nothing more, held statute of limitations did not run against buyer's claim until such notice by seller.

4. **Limitation of actions ☞199(1)—Question of when statute began to run against claim held not for jury, where not warranted by evidence.**

Where, in suit by buyer for fraud and deceit in sale of tractor, evidence showed negotiations relative to repairs between buyer and seller were continuous from time defects began to appear until seller notified buyer it intended to do nothing more, held question of when statute of limitations began to run against buyer's claim was not for jury, since such issue was not warranted by evidence.

5. **Fraud ☞36—Seller held entitled to value of use of tractor by buyer.**

Where buyer recovered damages for fraud and deceit in sale of tractor which he had used for some time, but had not tendered back to buyer, as he claimed it as his own, seller was

entitled to offset for buyer's use of tractor, and question of value of such use ·was for jury.

**6. Fraud ⊚⊃58(1)—Evidence held ·insufficient to show tractor was worthless.**

In action for fraud and deceit in sale of tractor, evidence *held* insufficient to support finding that tractor was worthless.

Appeal from District Court, Oldham County; Reese Tatum, Judge.

Suit by O. K. Higgins against the Advance-Rumely Thresher Company, Inc. Judgment for plaintiff, and defendant appeals. Reversed and remanded. ·

Chas. Ingram, of Vega, and Burgess, Burgess, Sadler, Chrestman & Brundidge, of Dallas, for appellant.

Adkins & Kimbrough, of Amarillo, for appellee.

RANDOLPH, J. Appellee instituted this suit in the district court of Oldham county, Tex., by original petition filed in that court on the 20th day of September, 1923, to recover damages from appellant for fraud and deceit in the sale by appellant to appellee of a certain tractor of Advance-Rumely make. Appellee in said petition ·alleged, in substance: That appellant's agents, on several occasions, approached appellee, and solicited him to purchase from appellant a tractor of Advance-Rumely make. That the appellee, when first interviewed by appellant's agents, informed said agents that he might purchase a tractor of appellant, provided appellant had for sale a suitable and adequate tractor for his present needs. That, if he should purchase a tractor of appellant, he would require one of sound, durable, and serviceable material and construction, with adequate motive power to economically operate his combine, which he described to said agents, to harvest his then growing wheat crop on about 420 acres of land, and then plow for planting wheat in the fall on about 400 acres of land. That thereupon appellant's agents assured appellee that appellant had for sale a tractor which would completely fill appellee's requirements as detailed by him. That said tractor was *constructed of the best materials,* and with the most skilled workmanship. That it had abundant power to do the work detailed by appellee, and would do said work with a minimum of consumption of fuels and lubricants and low. cost of upkeep and operation. That said tractor would operate for a long period of time without breakage or noticeable· wear, and with few repairs and small loss of time by reason of repairing being necessary. That, if appellee purchased said tractor from appellant, appellant would see that same gave satisfactory service. *That appellant when* delivering said tractor would send one of its service mechanics to appellee's place of operation to adjust same and instruct appellee in the operation and adjustment thereof. That appellant would warrant said tractor for. a year, furnishing during said period of time all necessary labor and parts to cause said machine to operate satisfactorily. That appellant· had and would keep always within reach of appellee "service men" and "trouble shooters," so that appellee, by notifying appellant, could have any trouble which he might experience with said tractor promptly and expeditiously remedied. That, even after the expiration of any warranty period, appellant would "stand behind" said tractor, and at a minimum cost to appellee supply him with necessary parts and skilled labor in order to enable appellee to secure long and economical service from said tractor. That on the first two occasions when appellant's agents interviewed. appellee they gave him certain printed matter describing said tractor and representing the quality, character, and efficiency thereof, which said printed matter contained substantially the representations as those made orally by appellant's agents as above set forth, among which representations was one to the effect that with said tractor appellee purchased a complete and ready service on said tractor, made possible by said appellant's organization of branch houses, competent experts, and complete stocks of repairs, brought practically to appellee's doorstep. That appellant's agents made substantially the same representations upon each of the occasions when they interviewed appellee. That appellee, relying solely upon said representations and promises, agreed to purchase, and appellant, through its agents, agreed to sell, said tractor to appellee for a consideration of $1,485. That thereafter, and on or about June 14, 1921, said tractor was delivered to appellee by appellant. Appellee paid freight charges thereon amounting to $120, and executed two promissory notes payable to appellant for the purchase price of said tractor, each in the sum of $742.-50, due September 1, 1921, and September 1, 1922, respectively, and also executed a chattel mortgage on said tractor to secure the payment of said notes. That appellee immediately took said tractor to his farms in Deaf Smith and Oldham counties, and two weeks thereafter began to use same in his farming operations. That he endeavored to use said tractor in his farming operations during the fall of 1921, and the spring, summer, and fall of 1922. That shortly after appellee began to use said tractor it began to trouble him, and certain defects in workmanship, construction, and materials, particularly set forth in plaintiff's petition, of said tractor became apparent. That said tractor proved to be· incapable of doing the work for which appellee had purchased it in a satisfactory manner. That during all of the time appellee . endeavored to operate said tractor it proved

to be incapable of doing the work for which it was purchased. That in each instance, when said defects first became apparent, appellee notified appellant orally and by letter of said defects, informing appellant at the same time of the representations and agreements to appellee in the sale of said tractor, and calling upon appellant to make same good and perform said promises. That appellant on such occasions assured appellee that none of the troubles were due to defects in said tractor, but to improper adjustments, and that it would see that said tractor was properly adjusted and repaired, which assurances and promises the appellee relied upon until March, 1923, when appellant informed appellee by letter, dated March 12, 1923, that it would not make said "motor or any part of it good."

Appellee then alleged: That all of the representations and promises made by appellant through its agents as above set forth were material inducements, representations, and promises, and that they were false and deceitful. That appellant knew so much of them as consisted of promises to be false, and did not intend to perform same. That, but for such representations and promises, appellee would not have purchased the tractor. By reason of the course of conduct followed by appellant, appellee did not discover that same were false and fraudulent, until about March 14, 1923. That by reason of the frauds and deceit aforesaid appellee suffered damages to the extent of $1,485, the difference between the amount paid for said tractor and its actual value, and for certain expenses incurred by reason of the use of same, amounting to the sum of $1,120, which was expended for freight, parts, labor, repairs, lubricants, and for farm labor made necessary by reason of the failure of said tractor to operate satisfactorily. That appellant's agents were acting within the scope of their actual authority, or, in the alternative, within the scope of their apparent authority, in making said representations and promises which induced appellee to purchase said tractor, or, in the alternative, that appellant had ratified the acts, frauds, and deceits of said agents.

By answer defendant interposed a general demurrer, special exceptions, and general denial, also specially pleading that plaintiff's cause of action is barred by the two-year statute of limitation; that said tractor was sold by defendant to plaintiff under a written contract dated May 25, 1921, a copy of which was attached to said answer as exhibit A2, and which was acknowledged and ratified by plaintiff in a written instrument dated June 14, 1921, receipting for said tractor; and, further, that said written contract contained all of the terms of the agreement between plaintiff and defendant as well as the warranty given by defendant to plaintiff with respect to said tractor and what was to be done by plaintiff in the event of the failure of such warranty; that plaintiff had not complied with the terms of said written contract to be performed by him, and defendant had been relieved of all liability under said contract; and, further, that plaintiff had used said tractor during the years 1921 and 1922, and had done a large amount of harvesting and plowing with same during said time, and alleged that, if plaintiff was entitled to recover the purchase price of said engine and expenses incurred by him, then that defendant was entitled to recover of plaintiff the reasonable value of the use of said tractor during the time he had used same.

In his first supplemental petition plaintiff denied generally the allegations in defendant's answer, and especially the portions thereof interposing the written contract between plaintiff and defendant, averred as in his original petition; and, further, that the written instrument pleaded by defendant was signed by plaintiff after defendant's agent had made the oral representations respecting the tractor, as alleged in his original petition; and that same induced him to sign said written contract, as well as the instrument of June 14, 1921, receipting for said tractor and acknowledging that it was purchasing under the written contract aforesaid; that he would not have signed said two instruments had he not believed said oral statements to be true. By its first supplemental answer defendant interposed a general demurrer and general denial to plaintiff's first supplemental petition.

The trial court overruled each and all of defendant's general and special exceptions. The case was submitted to a jury upon special issues, and upon answers to such issues the court rendered judgment in favor of the plaintiff for the sum of $2,193.26, from which judgment appeal is taken to this court.

Appellant's propositions, grouped by it upon related questions, will be considered without reference to their numerical order.

Appellant contends that, while its general demurrer admits the truth of the allegations of plaintiff's petition, yet such general demurrer, as also its suggestion of fundamental error, must be taken in connection with plaintiff's admission that he executed the written order of May 22, 1921, and the written receipt of June 14, 1921, and, there being no allegation that said instruments, or either of them, were executed by plaintiff by reason of any mutual mistake, accident or fraud practiced upon him by defendant, whereby the oral representations, promises, and agreements alleged to have been made to him by defendant's agents were omitted from the written instrument, such instrument must be held to constitute the contract between the parties unaffected by the prior oral agreements, promises, and representations; second, there being no allegation of a breach of the written contract by the defendant and a compliance with the portions thereof to be

performed by plaintiff, no cause of action was shown against defendant, and its general demurrer should have been sustained, and that this court should hold all proceedings thereunder as fundamentally erroneous. In other words, plaintiff, so far as his pleadings show, accepted the engine and signed and delivered to defendant the written contract under which he purchased same under circumstances making such contract binding upon him. He will not be permitted to rely upon anything said or done by defendant or its agents prior thereto and not carried forward in said contract. These propositions run through the whole case, and will be discussed with reference both to the pleadings, the evidence, and as affecting the judgment.

Plaintiff in his original petition alleges a cause of action based on fraud and deceit in the sale of the tractor to him by the defendant, and is not an action to rescind, cancel, set aside, alter, or reform the contract of sale. In his supplemental petition plaintiff, by way of replication to the matters pleaded in defendant's answer, alleges:

"That the written instruments pleaded by defendant and alleged by it to have been signed by plaintiff in the months of May and June, respectively, 1921, were signed by him after defendant had through its agents, servants, employees, and representatives, as alleged in his original petition, made to him the various and numerous oral statements and representations as to the tractor, its workmanship, capacity, etc.,"

—all of which he alleges were false and fraudulent, and induced plaintiff to sign the two written instruments pleaded by defendant, but plaintiff only alleges this as defensive matter, and nowhere alters or changes his cause of action for damages for fraud and deceit in the inducement to the signing of said instruments.

The terms of the order contract pleaded by defendant are in words as follows:

"There are no representations, warranties or conditions, express or implied, statutory or otherwise, except those herein contained, and no agreement collateral hereto shall be binding upon either party, unless in writing hereupon or attached hereto, signed by purchaser and accepted by vendor at its head office.

"Said machinery is warranted to be well made and of good material, and with proper use capable of doing as good work as any other machine of the same kind, size, and rated capacity, working under like conditions, but any machine or part thereof not manufactured for or by vendors, or which is second hand, rebuilt, or repaired, is not warranted, by statute or otherwise.

"Purchaser shall not be entitled to rely upon any breach of above warranty or to rescind this contract or to any claim or setoff as against the vendor because of any breach, unless: (a) Notice of the defect or breach, particularly describing the same and specifying the time of discovery thereof, is given by registered letter addressed to vendor at its head office, post-ed within four days after such discovery; (b) such defect or breach appears within ten (10) days after the first use of the goods; (c) the vendor fails to remedy such defect or breach," etc.

Defendant also pleaded a receipt from the appellee of the machinery in controversy, which receipt acknowledges the receipt by him of a copy of the written order containing the warranty, and that he received the machinery under and pursuant to the terms and conditions of the said order, and acknowledging that such order and warranty contains all the agreements between the parties pertaining to the purchase, oral or otherwise, of the machinery.

The case was submitted to a jury upon 12 special issues contained in the main charge, each of which special issues being subdivided several times, and it is not necessary for us to attempt to set them out at length. It is sufficient for us to state that the jury found that the representations were made by defendant's agents as alleged; that same were false; that the plaintiff believed such representations, and relied upon them; that they were made to induce plaintiff to purchase the tractor, and for the purpose of inducing the plaintiff to sign the two instruments; that the plaintiff, had it not been for such representations, would not have purchased the tractor, and would not have signed the instruments had he known that such representations were false.

To support its contention that the terms of the written contract and receipt estopped the plaintiff from setting up the fraudulent representations and promises made prior to the signing and delivery of the contract, appellant cites the following authorities: J. I. Case Threshing Machine Co. v. Manes (Tex. Com. App.) 254 S. W. 929; C. Aultman & Co. v. York et al., 1 Tex. Civ. App. 484, 20 S. W. 851; J. I. Case Co. v. Hall, 32 Tex. Civ. App. 214, 73 S. W. 835; Shearer v. Gaar, Scott & Co., 41 Tex. Civ. App. 39, 90 S. W. 684; Bybee v. Embree-McLean Carriage Co. (Tex. Civ. App.) 135 S. W. 203; Blackstad Mercantile Co. v. J. W. Porter & Co. (Tex. Civ. App.) 158 S. W. 218; First Nat. Bank v. Smith (Tex. Civ. App.) 183 S. W. 862; Stark v. George (Tex. Com. App.) 252 S. W. 1055; White, Ward & Erwin v. Hager, 112 Tex. 516, 248 S. W. 323; Swift v. Roach (Tex. Civ. App.) 266 S. W. 846; Avery Co. v. Harrison Co. (Tex. Com. App.) 267 S. W. 254; Clark v. Schaeffer v. Gaar-Scott & Co. (Tex. Civ. App.) 163 S. W. 681; Gardner v. Dorsey (Tex. Civ. App.) 272 S. W. 273.

These decisions are not in point in the case at bar. In the cases cited the decision was reached because of other facts and reasons than those confronting us here. Such decisions rested upon the fact that suit was brought, in some form, upon the contract, on the warranty to set aside, cancel, alter, or annul some portion of the contract, or be-

cause of the lack of allegation or proof of fraud in the inducement to enter into the written contract.

[1, 2] It is well settled law in Texas, notwithstanding such terms of a written contract as pleaded herein, that one who has, by false representations, induced another to enter into a contract or agreement cannot hold the other party bound by the terms of the agreement or contract, and that one who has made promises without intention of fulfilling such promises, which have induced another party to sign such contract, cannot hold such other party to the contract. And in an action for fraud and deceit which induced the execution of a written contract, as is the nature of this suit, the rule that parol evidence is inadmissible to vary the terms of such instrument has no application to extrinsic evidence introduced to show fraud in procuring the execution of same. This is based upon the proposition that by reason of such antecedent fraud such contract never had any existence. George v. Birchfield (Tex. Civ. App.) 264 S. W. 632; J. I. Case Threshing Machine Co. v. Webb (Tex. Civ. App.) 181 S. W. 853; U. S. Gypsum Co. v Shields (Tex. Civ. App.) 106 S. W. 724; Hackney Mfg. Co. v. Celum (Tex. Civ. App.) 189 S. W. 990; Edward Thompson Co. v. Sawyers, 111 Tex. 374, 234 S. W. 873; Barnett v. Perrine (Tex. Civ. App.) 250 S. W. 1111; El Jardin Immigration Co. v. Karlan (Tex. Civ. App.) 245 S. W. 1043; Russell v. Industrial Trans. Co., 113 Tex. 441, 449, 251 S. W. 1034, 258 S. W. 462.

[3, 4] Appellant assigns error in the failure of the trial court to submit to the jury its requested issue as to when the two-year limitation began running against plaintiff's claim. As we understand the testimony, there was no such issue to be submitted. The defendant's defense rested on the terms of the written contract and receipt. The plaintiff pleaded and proved by uncontradicted evidence that negotiations for adjustments and refunds on amounts expended for particular parts and for repairs on the tractor were being carried on between plaintiff and defendant continuously from the time he claimed defects in the tractor began to appear, in the latter part of the summer of 1921, until March 12, 1923, at which time the defendant wrote the plaintiff that it intended doing nothing more. The suit was filed September 20, 1923. The trial court having rejected defendant's theory of the case, and having adopted the theory advanced by the plaintiff that he was not estopped to recover damages for fraud and deceit in the inducement to the signing of the contract, we hold that there was no question as to limitation having begun to run until March 12, 1923, and hence that the period elapsing between such dates did not provide a sufficient limitation to submit the issue to the jury. An issue not warranted by the evidence should not be given to the jury. St. Paul Fire & Marine Ins. Co. v. Laster (Tex. Civ. App.) 187 S. W. 969; Cont. & Com. Nat. Bank v. Meister (Tex. Civ. App.) 186 S. W. 377; Ross v. Moore (Tex. Civ. App.) 191 S. W. 853.

[5, 6] Appellant's proposition that, if plaintiff was entitled to recover upon the case made by him, defendant was entitled to an offset against such recovery in the amount of the value of the use of the tractor during the time the plaintiff used it, and the trial court should have submitted to the jury the special issue requested by defendant asking them to find the value of such use, must be sustained. Defendant, was entitled to have such issue submitted notwithstanding he had not tendered the machine back but was claiming it as his own. Plaintiff had used the tractor in the fall of 1921 in harvesting 400 acres of wheat, and had used it for plowing and planting in 1922. Certainly this work had some value, and defendant had the right to ascertain from the jury what that value was. It is true that the jury found that the tractor was worthless, but this finding, in face of the work done with it by the plaintiff, is without support in the evidence. Certainly, at all events, the tractor had a junk value. If the plaintiff suffered damages by reason of the failure of the tractor to perform its work, as was represented, and was thereby rendered valueless, this loss ought to be offset against any benefit received by plaintiff from its use during the time he received such damage. Lucchese v. Thos. Goggan & Bro. (Tex. Civ. App.) 257 S. W. 584.

For the error indicated, the trial court's judgment is reversed and the cause remanded for a new trial; we having found no other reversible error assigned.