Samuel W. ROBERTS, Appellant,

v.

J. O. TIPTON, Appellee.

No. 5875.

Court of Civil Appeals of Texas, Waco.

Feb. 23, 1978.
Rehearing Denied March 23, 1978.

R. L. Middleton, Jr., Dan W. Shieder, Jr., Roger D. Bush, Dallas, for appellant.

Paul E. Lokey, Paul E. Lokey & Co., Dallas, for appellee.

## OPINION

McDONALD, Chief Justice.

Defendant and cross-plaintiff Roberts appeals from $78,400. judgment in favor of plaintiff and cross-defendant Tipton.

Plaintiff Tipton sued defendant Roberts for a balance of $153,400. allegedly due on a written contract of sale of an insurance agency by Tipton to Roberts. Roberts answered that the contract was void because it was induced by Tipton's fraud; and filed cross action for damages alleging Tipton and Roy Williams were joint sellers of the insurance agency; that Williams was Tipton's agent in making the sale; that Williams made false representations as to: 1) the value of the insurance agency, 2) the annual commissions produced, and the number of active files in the agency; all of which were material misrepresentations inducing defendant to sign the contract. Roberts plead for damages of $55,000. he had paid on the contract; $50,000. loss of income; plus exemplary damages.

Trial was to a jury which found:

1) Prior to the time Roberts signed the contract Williams represented to Roberts the agency had an actual value of $175,000.
2) Such representation was material.
3) Was false when made.
4) Was made for the purpose of inducing Roberts to purchase the agency.
5) Roberts relied on such representation in the purchase of the agency.
6) The actual value of the agency was $100,000.

Tipton moved for judgment on the verdict for $153,400.; Roberts moved for judgment on the verdict for $55,000.

The trial court rendered judgment for plaintiff Tipton for $78,400. ($153,400. less offset of $75,000. as found by the jury).

Roberts appeals on 2 points:

1) The trial court erred in failing to rescind and cancel the contract because of the fraudulent representations of Tipton's agent and co-seller.
2) The trial court erred in applying a measure of damages for fraud which was outside the scope of the pleadings.

Tipton and Williams owned "Roy Williams Insurance Agency" which was operated by Tipton's son-in-law Williams. Tipton and Williams on June 12, 1974 entered a written contract of sale with Roberts contracting to sell Roberts the Insurance Agency to include the land and building, furniture and fixtures, good will, all records, files and clients' ledgers, for $235,000., payable $30,000. at execution of the contract, $20,000. within 45 days, and $2500. per month until total payment be made. Roberts paid a total of $55,000. but did not pay the $2500. payment due November 15, 1974, and on December 6, 1974 Tipton came to Roberts and told him he was "shutting the agency down," and selling the building to other parties. Tipton contacted Insurance Companies the agency wrote policies for which picked up files pertaining to policies written in their companies; and Tipton did not permit Roberts to remove remaining files to another location, and permitted Roberts to take away only the contents of his desk and personal effects.

Williams, prior to the signing of the contract represented to Roberts the agency was worth $175,000., had an annual income of over $100,000., and 1200 to 1300 active insurance files. Four months after the purchase Roberts employed an expert to value the agency, who testified it was worth only $75,000. The agency had monthly income of from $2000. to $5000.; and there were only 800 active files.

The jury convicted Tipton of fraud in the inducement and no complaint made of the jury's findings.

Point 1 asserts the trial court erred in failing to rescind and cancel the contract because of fraud.

One who is induced by fraud to enter into a contract has his choice of remedies. He may stand to his bargain and recover damages, or he may rescind. *Dallas Farm Machinery Co. v. Reaves,* 158 Tex. 1, 307 S.W.2d 233; *Russell v. Industrial Transp. Co.,* 113 Tex. 449, 258 S.W. 462.

Roberts earnestly contends he plead for rescission and that the trial court should have accorded him this remedy. A careful reading of Roberts' pleadings convinces us that he did not plead rescission. In his answer he defended the suit on the contract on the ground of fraud in the inducement; and in his cross action he plead for damages by reason of such fraud in the inducement.

Point 2 contends the trial court erred in applying a measure of damage for fraud which was outside the scope of the pleadings.

The trial court reduced the $153,400. balance due on the contract plaintiff sued for by $75,000., based on the jury's answer to Issue 6 finding the actual value of the agency to be $100,000. rather than the $175,000., Tipton's agent represented.

Plaintiff plead for the $55,000. he had paid on the contract plus $50,000. loss of income plus exemplary damages. Moreover, Tipton sold the building and land to Roberts, then sold it to another before executing deed to Roberts. The building and land are worth $25,000. according to the evidence; and Tipton sold the fixtures and furniture to Roberts, but "shut the agency down" and permitted Roberts to remove only his personal effects. Under any judgment against Roberts on the contract Roberts is entitled to the building, land, fixtures and files. A case for rescission is actually made under the evidence but Roberts did not plead for rescission.

The trial court applied a measure of damages outside the pleadings and for the wrong party. Point 2 is sustained.

Roberts was entitled to judgment Tipton take nothing on Tipton's suit on the contract, because fraud in the inducement is fatal to a contract and a good defense against enforcement of such contract. *Central Motor Co. v. Thompson,* Tex.Civ.App. (Waco) NWH, 465 S.W.2d 405; *Thompson*

*Co. v. Sawyers,* 111 Tex. 374, 234 S.W. 873; *Advance-Rumely Thresher Co., Inc., v. Higgins,* Tex.Civ.App. (Amarillo) Er.Dismd., 279 S.W. 531; *Crayton v. Munger,* 9 Tex. 285; *Drinkard v. Ingram,* 21 Tex. 650; *Bates v. First National Bank of Waco,* Tex. Civ.App. (Waco) NWH, 502 S.W.2d 181; *George v. Birchfield,* Tex.Civ.App. (Galveston) NWH, 264 S.W. 632.

Roberts was entitled damages on his cross action.

We reverse and remand the case in the interest of justice. Accordingly, the case is remanded to the trial court in its entirety, so the parties may if they wish, amend their pleadings and retry the case. *Morrow v. Shotwell,* Tex., 477 S.W.2d 538; *Scott v. Liebman,* Tex., 404 S.W.2d 288; *Adams v. Herd,* Tex.Civ.App. (Waco) NWH, 526 S.W.2d 295.

REVERSED AND REMANDED.