**EMPIRE & ASSOCIATES, INC.,**
Appellant,

v.

**TEXAS CONTRACTORS RENTALS, SALES & SUPPLIES, INC., Appellee.**

No. 5903.

Court of Civil Appeals of Texas, Waco.

May 31, 1978.

Rehearing Denied July 6, 1978.

Clyde M. Marshall, Jr., Callaway & Marshall, Fort Worth, for appellant.

Benjamin N. Hamilton, Sheehy, Lovelace & Mayfield, Waco, for appellee.

## OPINION

McDONALD, Chief Justice.

This is an appeal by defendant Empire from $7,686.27 judgment against it in suit for wrongful withholding of funds.

Plaintiff Texas Contractors is a corporation which rents and sells contractors equipment, and is owned by Robert Schroeder. Empire & Associates is a corporation which is an auctioneering firm, and is owned by Paul Smith.

Plaintiff acting through Schroeder contracted in writing with defendant acting through Smith, whereby defendant agreed to auction listed equipment of plaintiff and remit all proceeds to plaintiff less a 9% commission.

The auction was held and defendant remitted to plaintiff an initial payment of $20,000.; followed by a detailed accounting accompanied by a check for $17,836.65 (later augmented by a check for $180. totalling $18,016.65). The check for $17,836.65 noted on its face, "This Represents Final Payment". Plaintiff refused to cash the $17,836.65 check and defendant issued an unconditional check six months later pursuant to agreement of counsel. Defendant withheld $6,120., asserted commission on a crane which was listed in the contract but which plaintiff itself sold prior to the auction; and $720. asserted commission on the attempted sale of a loader.

Plaintiff's suit alleged fraud in the inducement of the auction contract listing the loader.

Trial was to a jury findings of which are summarized as follows:

1) After the auction sale Smith refused to promptly pay Schroeder $18,016.65 out of the proceeds of the sale.

2) In December 1976 Smith admitted said amount was due to Schroeder.

3) Smith should have paid Schroeder said amount December 31, 1976.

4) Smith represented to Schroeder that if he would sign the auction contract Smith would later furnish Schroeder a written agreement not to charge any commission if the crane was sold prior to the auction.

5) At the time of making such representation Smith had no intention of carrying it out.

6) Such representation was made by Smith with intention it be relied on by Schroeder.

7) Schroeder would not have signed the auction contract if Smith had not made the representation.

8) 9) Schroeder is entitled to exemplary damages of $5,000.

10) At time of signing the contract Schroeder and Smith had an oral agreement no commission would be charged if the crane was sold prior to the auction.

11) Schroeder and Smith intended the contract not cover the crane if it was sold prior to the auction.

12) Plaintiff did not misrepresent to bidders the model of the loader.

13) Defendant did not suffer any detriment by reason of plaintiff's retention of the two checks.

The trial court rendered judgment on the verdict for plaintiff for; 1) $6,840. ($6,120. withheld commission on the crane, and $720. on the loader); 2) $846.27 interest on

the $18,016.65 from December 31, 1976 to July 8, 1977; 3) $5,000. exemplary damages. The trial court later required remittitur of the $5,000. exemplary damage and same is not in controversy on appeal.

Defendant appeals on 21 points which we summarize as four principal contentions.

Contention 1 asserts the trial court erred in admitting parol evidence to vary the terms of the written auction contract; in submitting Issues 4, 5, 6, 7, 10, and 11; in not disregarding answers to such issues; and in rendering judgment for the $6,120. and the $720.

Plaintiff and defendant signed a written contract for defendant to auction off plaintiff's listed equipment which included the crane. Plaintiff alleged fraud in the inducement of such contract, and the trial court admitted parol evidence of such, and submitted Issues 4, 5, 6, 7, 10 and 11. Smith testified one way and Schroeder testified to the contrary. The jury believed Schroeder and answered the issues submitted in accordance with his testimony, convicting defendant of fraud in the inducement.

■ One who is induced by fraud to enter into a contract has his choice of remedies. He may stand to his bargain and recover damages, or he may rescind; and the parol evidence rule does not stand in the way of proof of such fraud. *Dallas Farm Machinery Co. v. Reaves,* 158 Tex. 1, 307 S.W.2d 233; *Berry v. Abilene Savings Assn. CCA (Eastland) NRE,* 513 S.W.2d 872.

The $6,120. item of recovery is sustained.

■ At the auction a loader was sold to a bidder upon representation that it was a 1974 model. The loader was in fact a 1972 model and the bidder refused to take the equipment. Defendant contended plaintiff misrepresented that the loader was a 1974 model and withheld $720. commission. Plaintiff denied supplying the information as to the model of the loader, and the jury in answer to Issue 12 sustained plaintiff. Defendant now asserts the provision in the contract: "Owner * * assume[s] responsibility for all representations made by * *

his auctioneer, and will indemnify and hold Empire harmless from * * liability arising out of any * * misrepresentation," entitles it to its commission. We disagree, but in any event defendant was convicted of fraud in the inducement, and cannot enforce such provision. *Roberts v. Tipton,* CCA (Waco), 562 S.W.2d 921; *Central Motor Co. v. Thompson,* CCA (Waco) NWH, 465 S.W.2d 405; *Thompson Co. v. Sawyers,* 111 Tex. 374, 234 S.W.2d 873; *Advance-Rumely Thresher Co., Inc. v. Higgins,* CCA (Amarillo) Er.Dismd., 279 S.W. 531; *Crayton v. Munger,* S.Ct., 9 Tex. 285; *Drinkard v. Ingram,* S.Ct., 21 Tex. 650; *Bates v. First National Bank of Waco,* CCA (Waco) NWH, 502 S.W.2d 181; *George v. Birchfield,* CCA (Galveston) NWH, 264 S.W. 632.

Contention 2 complains of the trial court's award of $846.27 interest on the $18,016.65.

■ The jury found defendant refused to promptly pay plaintiff $18,016.65 out of the proceeds of the auction; that defendant admitted such was due; and was due to have been paid by December 31, 1976. Defendant sent plaintiff a check marked "Final Payment," which plaintiff refused to cash because of the existing controversy over asserted commissions on the crane and loader. The amount was paid July 8, 1977. The $18,016.65 was admittedly due plaintiff and plaintiff was entitled to unconditional payment by December 31, 1976. The trial court did not err in awarding plaintiff $846.27 interest on the $18,016.65 which was owed but not unconditionally tendered.

■ Contention 3 complains of the trial court's submission of issues inquiring of the conduct of "Schroeder and Smith" rather than that of "plaintiff and defendant."

The parties were family corporations owned by Schroeder and Smith. These individuals were the key witnesses, and the case involves the face to face dealings between the two men. Defendant states in its brief that the basic issue was whether the jury believed the version testified to by Schroeder or Smith.

The method of submission was within the discretion of the trial court, and in any event presents no error. Rule 434 TRCP.

 Contention 4 complains of the submission of issues 8 and 9 relative to exemplary damages, and of the admission of evidence concerning attorneys' fees and the income or worth of defendant.

The trial court required remittitur of the $5,000. exemplary damages which we think cured the asserted errors.

All defendant's points have been considered and are overruled.

AFFIRMED.