## MOORE–DE GRAZIER CO. v. RITTER.
### (No. 2074.)

Court of Civil Appeals of Texas. El Paso.
Dec. 8, 1927.

Rehearing Denied Jan. 5, 1928.

**1. Contracts** ⟅⟆**270(2)—One desiring to rescind contract for fraud must act with reasonable promptness.**

One having right to rescind a contract for fraud, and desiring to exercise that right, must act with reasonable promptness.

**2. Sales** ⟅⟆**126(1)—Substantial delay in exercising right of rescission after discovering right and continuing to use article purchased constitutes waiver.**

Buyer who retains possession of personalty, and uses it after discovering that he has ground for rescinding sale, will be *held* to have waived objections, where there is substantial delay in exercising right of rescission.

**3. Sales** ⟅⟆**126(1)—That person for whom wrist watch was purchased did not use it after discovering misrepresentation did not excuse delay in buyer's rescission, where she retained control.**

In suit to rescind purchase of wrist watch on ground of alleged false representation that it was made of platinum, it was immaterial whether person for whom watch was purchased continued to use it after discovering gold back, in so far as right to rescind was concerned, provided she continued to exercise dominion and control.

**4. Sales** ⟅⟆**126(4) — Where buyer of wrist watch, represented as platinum, failed to return watch or notify seller for two months after discovering white gold back, seller was entitled to directed verdict.**

Where evidence was undisputed that buyer of wrist watch, represented as platinum, for friend, failed to return watch or to notify seller for at lease two months after discovering that back of watch was made of white gold, and that friend continued to retain watch, plaintiff's right to rescind on ground of fraud was barred as matter of law, and refusal of directed verdict for defendant was error.

Appeal from Dallas County Court at Law, No. 1; Paine L. Bush, Judge.

Suit by W. P. Ritter against the Moore-De Grazier Company. Judgment for plaintiff, and defendant appeals. Reversed and rendered.

Touchstone, Wight, Gormley & Price, of Dallas, for appellant.

Crane & Crane, of Dallas, for appellee.

HIGGINS, J. Appellee, Ritter, brought this suit against appellant, Moore-De Grazier Company, to rescind the purchase of a watch. He obtained judgment as prayed for.

The plaintiff, a resident of Dallas, desired to purchase a lady's platinum wrist watch as a gift to Miss Gries of San Francisco, Cal., his fiancée, whom he later married. He specifically informed defendant he desired to purchase a watch made entirely of platinum as a gift to a lady living in California, and, relying upon defendant's representation that the watch in question was of that character, he purchased same, and paid therefor. He sent the same to Miss Gries, who wore it for some time, when the back became tarnished, and it was discovered the back of the watch was made of white gold.

The jury found the representation was made as alleged; that plaintiff relied there-

on; and plaintiff and Miss Gries acted promptly, the circumstances considered, in returning the watch to defendant after discovering it had a white gold back.

The only proposition presented which need be considered is that asserting plaintiff's right to rescind was lost by failure to promptly disaffirm upon discovery of the false representation.

There is no conflict in the evidence upon this issue. The watch was bought in March, 1921, and sent by express to Miss Gries in San Francisco. In about 60 days it was returned to defendant for some minor repairs, which were made, and the watch again sent to Miss Gries.

Miss Gries, now Mrs. Ritter, testified:

"I returned the watch to Mr. Ritter when I discovered the back of the watch was tarnished, discolored. Mr. Ritter spent Christmas and New Years, 1921, in San Francisco, and he took the watch back with him to Dallas. I notified him of the condition of the watch the latter part of October or about the 1st of November, 1921, but I decided to keep it until his visit in December, 1921, and I gave it to him about the 23d of December, 1921, when he was spending Christmas with me in San Francisco. I knew it was not an entirely platinum watch, because the back of it very much discolored—became discolored after about five months' wear. * * * I do not recall exactly the exact month that I noticed the back of the watch was discolored. I would say it was some time in August or September that I discovered the watch was not entirely platinum. At first I hesitated to mention the fact of my discovery about the watch to Mr. Ritter; and then I decided that it was only right that he should know that the watch was not what he had intended to purchase for me, and a short time later I wrote to him about my discovery. It was about the latter part of October or 1st of November, 1921, that I informed him of the discoloration of the back of the watch, because I knew he thought he had purchased an all platinum watch. * * * I had this watch in my possession from the time I received it, which I think was the latter part of March, 1921, until Mr. Ritter took the watch back with him in January, 1922. * * * Mr. Ritter spent the Christmas holidays 1921 in San Francisco, and I waited until then to give the watch to him personally, so he could return it to the jeweler. * * * After I wore it awhile, it tarnished. * * * The letter I wrote to him is dated October 31, 1921, which was read in evidence. I wrote in that letter, 'Walter, I want to tell you about my watch. It is not platinum. It is white gold.' * * * After I wrote the letter of October 31, 1921, the next time I saw Mr. Ritter was the following Christmas time, when he visited me in California, which was the time I gave Mr. Ritter back the watch."

The plaintiff testified:

"The young lady I had sent it to wrote me in October about it. I had not seen the watch since it last left my hands and sent to her, but I went out to California to spend Christmas, and to visit this young lady, and then I saw the watch again. * * * I arrived back here in Dallas on January 3d, and, after arriving here, I took the watch to defendant, and talked to Mr. De Grazier, and showed him the watch so he could see it was not what I contracted to purchase from him. I told him the watch was entirely unsatisfactory to me, and was not worth $2 to me, because it was not what I wanted, and not what I had tried to get. * * * During the season, which started on September 1st, I was in the office about four days every two months. I first heard that this watch in question was tarnished in October. I got a letter in October, from this young lady about the watch, in October. * * * I was here in Dallas at that time. I did not write to Moore–De Grazier Company about it. I did not call them up by phone about it. I did not make any statement to them about it at that particular time. I told defendant about the watch when I had it here in January, but not in October. I first told Moore–De Grazier about it in January, three months later than October."

[1, 2] One having the right to rescind a contract for fraud, and desiring to exercise that right, must act with reasonable promptness. In many cases it is a question of fact whether he has so acted. In sales of personalty the rule is that, if the purchaser retains possession of the article, and uses it after discovering he has ground for rescinding the sale, any substantial delay in exercising such right will be held to be a waiver of his objections. 2 Black Res. & Canc. § 542; Houston, etc., v. Brashear (Tex. Civ. App.) 158 S. W. 233.

[3, 4] This record shows that at least two months before he offered to rescind the plaintiff knew the watch was not as represented to be. No sufficient excuse is shown for his failure to disaffirm when he ascertained this fact, so notifying defendants and offering to return the watch. It could have been returned from San Francisco by express, as had been once before done. It is true the evidence does not affirmatively show that Miss Gries continued to wear and use the watch during this interval, but she at least continued to exercise dominion and control over it, which amounts to the same thing.

Under the authorities and facts here shown, plaintiff's delay in returning, or offering to return, the watch, after discovering the falsity of the representation upon which his suit is based, bars his right to rescind. Hallwood, etc., v. Berry, 35 Tex. Civ. App. 554, 80 S. W. 857; Lucchese v. Thos. Goggan & Bros. (Tex. Civ. App.) 257 S. W. 584; Geiser Mfg. Co. v. Lunsford (Tex. Civ. App.) 139 S. W. 64; Wolff v. Cohen (Tex. Civ. App.) 281 S. W. 646; Winter v. Hawkins, 54 Tex. Civ. App. 228, 117 S. W. 172.

The court erred in refusing the peremptory charge requested by appellant.

Reversed and rendered.