**CENTRAL MOTOR COMPANY, Inc.,**
**Appellant,**

v.

**J. H. THOMPSON, Appellee.**

No. 4984.

Court of Civil Appeals of Texas,
Waco.

March 25, 1971.

Rehearing Denied April 15, 1971.

John B. McNamara, Jr., Waco, for appellant.

Jones, Francis & Youts, Waco, for appellee.

## OPINION

McDONALD, Chief Justice.

This an appeal by plaintiff Central Motor Company from a take nothing judgment, in a suit on a note against defendant Thompson.

Plaintiff sued defendant for deficiency judgment on a note executed by defendant payable to plaintiff dated October 27, 1966 and secured by mortgage on a 1966 Imperial automobile. The note was payable in 35 monthly installments of $125. each, beginning November 20, 1966, and a final installment of $5265. due November 20, 1969. All installments were paid except the final installment. Defendant delivered the automobile to plaintiff without paying the final installment, and plaintiff disposed of same by sale, and after application of the proceeds, sued for the asserted balance due.

Defendant answered he was fraudulently induced to sign the note by representations of defendant's sales manager Ed Boles, that when the final installment came due plaintiff would draw an installment note for $5265. with the identical 8% interest as in the first note; that he met each monthly payment for the 35 months; that when the final note came due plaintiff informed him the new note would have to bear 12% interest; that he refused to sign the new

note for 12% interest, and returned the automobile to plaintiff.

Trial was to a jury which found:

1) Nothing is due on the note.

2) Prior to defendant's purchase of the automobile, Ed Boles, agent for plaintiff, represented to defendant that plaintiff on November 20, 1969 would draw a second note for $5265. representing the balance due on the first note, and that interest on such note would be 8%.

3) Said representation was false.

4) At the time Boles made the representation he knew it was false.

5) Defendant relied on said representation.

6) Said representation was of a material fact.

7) Such representation by Boles to defendant was a material inducement to defendant to purchase the automobile.

8) Defendant would not have purchased the automobile but for the representation.

The trial court entered judgment on the verdict that plaintiff take nothing.

Plaintiff appeals on one point: "The Court erred in overruling plaintiff's motion for judgment NOV for the reason the amount of defendant's indebtedness to plaintiff was subject to mathematical computation and required no issue with respect to the amount due thereon and further, the evidence is undisputed and uncontradicted the alleged oral agreement between plaintiff's agent and defendant was made prior to the purchase of the automobile on October 27, 1966 and related to an obligation to be performed by plaintiff on November 20, 1969, more than one year after the date of such alleged agreement and therefore unenforceable under the provisions of the Statute of Frauds RCS Article 3995 and especially in view of the fact there is no evidence of any fact or circumstance which would take such alleged oral contract out of the prohibition of Section 5 of said Statute of Frauds and because of such undisputed and uncontradicted evidence no issue of fact was raised for submission to the jury and a directed verdict for plaintiff would have have been proper and should have been given."

■ Defendant plead fraud in the inducement as defense to plaintiff's suit on the note. The jury found plaintiff's sales manager Boles represented to defendant that when the final payment of $5265. came due plaintiff would draw a new installment note at 8% interest; that such representation was false; that Boles knew it was false; that defendant relied on same; that it was material; and a material inducement to defendant to purchase the automobile, and but for same he would not have purchased it.

The evidence though disputed is ample to sustain such findings which establish fraud in the inducement.

■ Fraud in the inducement is fatal to a contract, and a good defense against enforcement of a contract. Southern Rock Island Plow Co. v. Williams, Tex.Civ.App., Er.Dism., 80 S.W.2d 340; 25 Tex.Jur.2d p. 661. King v. Wise, Tex.Com.App., 282 S.W. 570, 573; Thompson v. Williams, Tex. Civ.App. (NRE), 246 S.W.2d 506, 509; Nance v. McClellan, Adopted S.Ct., 126 Tex. 580, 89 S.W.2d 774, 777; Case Threshing Machine Co. v. Webb, Tex.Civ. App., Er.Ref., 181 S.W. 853, 855; Parker v. Naylor, Tex.Civ.App., Er.Ref., 151 S.W. 1096, 1101; Cearley v. May, 106 Tex. 442, 167 S.W. 725, 726.

"Fraud is a defense which is cognizable as well in courts of law as of equity; and it is said it is even more odious than force; it annuls all contracts * * * which are infected with it". Drinkard v. Ingram, 21 Tex. 650; South Texas Development Co. v. Martwick, Tex.Civ.App., NRE, 328 S. W.2d 230; Hare v. Reily, Tex.Civ.App.,

269 S.W. 473, Affmd. Tex.Com.App., 280 S.W. 543.

Defendant plead, proved, and secured jury findings establishing a defense to plaintiff's cause of action.

Plaintiff's point is overruled.

Affirmed.