R. E. PIERSON, Individually, and Instant Credit Service, Inc., Appellants,

v.

Gene L. HOLLIGAN, and wife, Myrtle Holligan, dba Quality Gifts, Appellees.

No. 5248.

Court of Civil Appeals of Texas, Waco.

June 29, 1973.

Rehearing Denied Aug. 2, 1973.

Clifton L. Holmes, Austin, for appellants.

George W. Perry, Dallas, for appellees.

## OPINION

McDONALD, Chief Justice.

This is an appeal by defendants from an order overruling their pleas of privilege to be sued in the counties of their residence, and involves subdivision 7, Article 1995 Vernon's Ann.Tex.Civ.St.

Plaintiffs Holligan sued defendants Instant Credit and its agent Pierson, in Coryell County for damages for fraud by defendants in the inducement of a contract executed between plaintiffs and Instant Credit.

Defendant Instant Credit filed plea of privilege to be sued in Dallas County, and defendant Pierson filed plea of privilege to be sued in Collin County.

Plaintiffs controverted asserting the cause maintainable in Coryell County under subdivision 7, Article 1995 V.A.T.S.

The trial court after hearing overruled defendants' pleas of privilege.

Defendants appeal on 5 points contending the trial court erred. 1) In admitting testimony as to representations made by defendant Pierson to plaintiffs prior to execution of the contract. 2) In concluding the alleged acts of defendants constituted actionable fraud.

Plaintiffs live and operate a business in Coryell County. Defendant Pierson, agent of defendant Instant Credit contacted plaintiffs at their business and represented to plaintiffs they could subscribe for Instant Credit's service for a total of $300; that if plaintiffs subscribed any customer of plaintiffs who had an oil company or major credit card could be sold merchandise up to $100; and if plaintiffs filed a form which needed only one of the customers: 1) driver's license, 2) social security number or 3) armed services number, Instant Credit would pay the purchase price to plaintiffs without recourse; and itself collect from the purchaser; that Instant Credit would run a credit check on all first purchasers and send them a credit card free. Plaintiff paid defendants the $300., sold merchandise to customers with major credit cards, filled in the form for reimbursement, sent them to defendant, and defendants did not perform as represented. Defendants charged customers $10.00 for a credit card; thereafter cancelled plaintiffs' membership; and asserted plaintiffs owed

moneys to defendant in excess of the $300. paid.

■ Fraud in the inducement is fatal to a contract. One who is induced by fraud to enter into a contract has the choice of remedies. He may stand to the bargain and recover damages for the fraud, or he may rescind. And where a contract is procured or induced by fraudulent representations the parol evidence rule does not stand in the way of proof of such fraud. Dallas Farm Machinery Co. v. Reaves, 158 Tex. 1, 307 S.W.2d 233; Central Motor Co. v. Thompson, Tex.Civ.App., 465 S.W.2d 405.

We think the evidence ample to sustain the trial court's conclusions and judgment.

Defendants' points and contentions are overruled.

Affirmed.