**N. Johnny PATANE, and wife, Judy Patane, Appellants,**

**v.**

**Clifford L. SARTIN, and wife, Theresa M. Sartin, Appellees.**

**No. 5603.**

Court of Civil Appeals of Texas, Waco.

July 15, 1976.

Rehearing Denied Aug. 19, 1976.

Beard & Kultgen, Thomas L. Cook, Waco, for appellants.

Philip R. Segrest, Waco, for appellees.

OPINION

McDONALD, Chief Justice.

This is an appeal by defendants from judgment overruling their pleas of privilege to be sued in Harris County.

Plaintiffs Sartin sued defendants Patane for damages alleging plaintiffs contracted in writing to purchase a house and

lot in Waco, Texas from defendants; that the contract provided "all electrical, mechanical and plumbing equipment be in good working order at the time of closing"; that closing occurred on May 20, 1975; that plaintiffs took possession of the house on June 1, 1975 and discovered that the central air conditioning and one air conditioning window unit were not in good working order; to plaintiffs' damage. Alternatively plaintiffs plead the representation in the sales contract was a false representation made by defendants to plaintiffs to induce plaintiffs to enter into the contract; that plaintiffs relied on such representation to their damage.

Defendants filed pleas of privilege to be sued in Harris County, the county of their residences.

Plaintiffs controverted asserting venue maintainable in McLennan County under Section 5(a), 5(b) and 7 Article 1995 VATS.

Trial before the court resulted in judgment overruling defendants' plea of privilege.

Defendants appeal contending:

The trial court erred in sustaining venue in McLennan County under Subdivision 5(a), 5(b) and 7, Article 1995 VATS.

Pertinent portions of the contract are:
"1. N. Johnny Patane and wife Judy * * * hereby sells and agrees to convey unto Clifford L. Sartin and wife Theresa M. * * * the property legally described in Lot 3 Block A of the Nix Resubdivision to the City of Waco, McLennan County, Texas * * * together with all improvements on said land including * * * heating, light and plumbing fixtures * * * and permanent air conditioning equipment now on the premises * * *.
"2. The purchase price is * * *.
"3. Seller agrees to deliver to Buyer at Waco, Texas * * * either (a) an owners title policy * * * or (b) a complete abstract of title * * *, *and to convey the property free and clear of all encumbrances* * * *.
* * * * * *

"10. *It is agreed and understood that all electrical, mechanical and plumbing equipment be in good working order at the time of closing.*"

"Executed at Waco, Texas May 8, 1975."

The contract was executed on May 8, 1975; closing was on May 20, 1975; and plaintiffs went into possession on June 1, 1975. Plaintiffs testified the representations concerning the electrical, mechanical and plumbing equipment were made to induce them to enter into the sales contract, but for same plaintiffs would not have entered the contract; plaintiffs relied on the representations to enter the contract, and but for same would not have entered into it; that when plaintiffs took possession of the house the air conditioning was not working; and had to be repaired before it would work.

Whether the air conditioning was working on May 20, 1975, the date of closing, can be established by circumstantial evidence; and the fact that it was not working on June 1, 1975 is some evidence that it was not working on May 20, 1975.

Subdivision 7, Article 1995 provides: "In all cases of fraud * * *, suit may be brought in the county where the fraud was committed * * *."

■ One who is induced by fraud to enter into a contract has the choice of remedies. He may stand to the bargain and recover damages for the fraud, or he may rescind. *Dallas Farm Machinery Co. v. Reaves,* 158 Tex. 1, 307 S.W.2d 233; *Pierson v. Holligan,* CCA (Tex.Civ.App., Waco), Er. Dis.W.O.J., 497 S.W.2d 637.

The evidence is ample to sustain the trial court's judgment; and ample to sustain venue in McLennan County under Subdivision 7, Article 1995.

AFFIRMED.