Robert E. PATTERSON, Appellant,

v.

HATFIELD–HOLCOMB, INC., Appellee.

No. 5993.

Court of Civil Appeals of Texas, Waco.

May 24, 1979.

---

4. This Act has been adopted in Texas in Chapter 21 of the Family Code.

James G. Clement, Irving, for appellant.

James M. Beggs and Patrick F. McManemin, Gilliland, Cates & Flagg, Dallas, for appellee.

## OPINION

McDONALD, Chief Justice.

This is an appeal by defendant Patterson from $1,313.76 judgment (plus attorneys' fees) for architectural services rendered by plaintiff.

Plaintiff Hatfield-Holcomb, Inc., an architectural firm sued defendants Robert E. Patterson, Art Clayton and wife Karen Clayton for $3,313.76 architectural fees for services and architectural renderings for the construction of a proposed residence for the Claytons. Defendant Patterson was the father of Mrs. Clayton and was to be the builder for the Clayton residence.

Trial was to a jury which found:

1) Defendant Patterson and defendants Art and Karen Clayton accepted the architectural services rendered by plaintiff for their use and benefit in the proposed construction of a residence in Arlington, Texas for the defendants Art and Karen Clayton.

2) "What sum of money do you find ** to be the reasonable value of said architectural services rendered by the plaintiff * * to either of these defendants?

"Answer: Robert E. Patterson $1,313.76

Art & Karen Clayton $2,000.00".

3) $1,500. is a reasonable attorneys' fee for plaintiff's attorneys' services.

The trial court rendered judgment on the verdict for plaintiff for $1,313.76 against defendant Patterson; for $2,000. against defendants Art and Karen Clayton; and for $1,500. against defendants Patterson, Art and Karen Clayton jointly and severally.

The Claytons have not appealed.

Defendant Patterson appeals on 7 points which we summarize as 3 contentions.

Contention 1 asserts the judgment does not conform to the pleadings of plaintiff.

Plaintiff pleads that it furnished the architectural services involved to the defendants as the request of defendant and sought recovery under the alternative theories of sworn account, express contract and implied contract or quantum meruit of $3,313.76 plus attorneys' fees.

Plaintiff's petition alleged: "Plaintiff at the special instance and request of Defendants delivered to defendants * * * merchandise and services in the nature of architectural renderings; that defendants thereby became bound to pay the plaintiff on demand so much money as said * * merchandise and services were reasonably worth; that * * such merchandise and services were rendered in connection with the preparation of a prototype for a residence, including plans, drafting, research, consultation and architectural drawings and renderings; that such professional services were performed by plaintiff and were reasonably worth * * * $3,313.76 * * ".

Defendant filed no exceptions to plaintiff's pleadings.

In the absence of special exceptions, the petition will be liberally construed in the pleader's favor and to support the judgment. *Scott v. Gardner*, 137 Tex. 628, 156 S.W.2d 513; and every defect, omission, generality or other insufficiency of allega-

tions in pleadings are waived unless excepted to, and such may not be raised for the first time on appeal. Rule 90 TRCP; *Tolson v. Carroll*, Tex.Civ.App. (Waco) NWH, 313 S.W.2d 131; *Sherman v. Provident American Ins. Co.*, Tex., 421 S.W.2d 652; *Bednarz v. State*, 142 Tex. 138, 176 S.W.2d 562; *Texas Dept. of Corrections v. Herring*, Tex., 513 S.W.2d 6; *Lewter v. Dallas County*, Tex.Civ.App. (Waco) NRE, 525 S.W.2d 885.

Contention 1 is overruled.

Contention 2 asserts plaintiff failed to request issues to establish plaintiff's claim in quantum meruit and thereby waived quantum meruit as an independent ground of recovery.

 The right to recover in quantum meruit is based upon a promise implied by law to pay for beneficial services rendered and knowingly accepted. *Black Lake Pipe Line Co. v. Union Const. Co.*, Tex., 538 S.W.2d 80.

The trial court submitted Issue 1 inquiring whether defendants accepted the architectural services rendered by plaintiff, for defendants' use and benefit, in the proposed construction of a residence for defendants Art and Karen Clayton. And the jury found that all defendants including defendant Patterson accepted same for their use and benefit.

No objection was made to the court's charge by defendants, and in such case any omitted issues are deemed as found in support of the judgment. Rule 279 TRCP.

Contention 2 is overruled.

Contention 3 asserts there is no evidence and/or insufficient evidence to support the verdict and judgment, and that the judgment is against the great weight and preponderance of the evidence.

There is evidence that plaintiffs had done architectural work on several projects for defendant Patterson; defendant Patterson approached plaintiff to do the architectural work on a proposed residence for his daughter and son-in-law; defendant Patterson was to be the builder; there were several meetings held between plaintiff and defendants; plaintiff rendered professional architectural services and delivered to defendant Patterson voluminous design drawings, renderings and plans for a two-story house to cost an estimated $50,000.; defendant Patterson accepted delivery of such plans and drawings; $4,700. would be a proper fee at the hourly rate plaintiff charged for its work; $6,000. would not be an unreasonable charge; and the work would reasonably require some 300 hours to complete.

The evidence is ample to support the verdict and the judgment and such are not against the great weight and preponderance of the evidence. *In re Kings Estate*, 150 Tex. 662, 244 S.W.2d 660.

Contention 3 is overruled.

AFFIRMED.