**POLAR BEAR ICE CREAM COMPANY, INC., Appellant,**

v.

**F. C. EARHART, Appellee.**

No. 6227.

Court of Civil Appeals of Texas, Waco.

Aug. 7, 1980.

Rehearing Denied Aug. 28, 1980.

Jack C. Spillman, Calhoun, Spillman & Stacy, Dallas, for appellant.

Jim Meyer, Dunnam, Dunnam, Horner & Meyer, Waco, for appellee.

## OPINION

McDONALD, Chief Justice.

This is an appeal by defendant Polar Bear Ice Cream Company, Inc., from judgment of the trial court overruling its plea of privilege to be sued in Dallas County.

Plaintiff Earhart sued defendant Polar Bear, a Texas Corporation, in McLennan County alleging plaintiff in March 1977 entered into an agreement with Polar Bear to purchase a franchise to sell Polar Bear-Ashburns Ice Cream; that such agreement was entered into following representations made by defendant through its agent acting in the scope and course of employment; that a number of alleged representations were made by defendant's agent; that same were made for the purpose of inducing plaintiff to enter the franchise agreement; that such representations were false, material, made in Waco, McLennan County, Texas, and that plaintiff has been damaged thereby.

Defendant filed its plea of privilege to be sued in Dallas County, the county of its residence.

Plaintiff controverted incorporating every allegation in his original petition and asserting venue maintainable in McLennan County under Subdivisions 23 and 30 of Article 1995, V.A.T.S., and Section 17.56 of the Texas Deceptive Trade Practices Act.

After hearing the trial court overruled defendant's plea of privilege.

Defendant appeals on 3 points contending the trial court erred in overruling its plea of privilege because: 1) plaintiff failed to allege sufficient facts to establish a cause of action under the Act (Sect. 17.56 of the Deceptive Trade Practices Act); 2) plaintiff failed to prove defendant resides or has done business in McLennan County; and 3) plaintiff failed to plead and prove by a preponderance of the evidence a cause of action under the Act.

Plaintiff plead defendant was a Texas Corporation; that he entered into an agreement to purchase an ice cream franchise from defendant; that he was induced to enter same by stated representations of defendant; which were made to induce him to enter the contract; that same were false; material; and caused damage to plaintiff.

Plaintiff's proof showed that in March 1977 he entered into a contract with defendant to purchase an ice cream franchise; that prior to this an employee of defendant, a Mr. Larry Garrett, came to Waco, McLennan County, Texas and made representations upon which plaintiff relied and based on which plaintiff entered the agreement; that same were made to induce plaintiff to purchase the franchise; that such representations were false; that plaintiff suffered damages. It is also in evidence by admission that defendant is a Texas Corporation and that Larry Garrett is an employee of defendant and its Director of Franchising; and that he came to Waco to see plaintiff as a part of his duties for defendant.

Fraud in the inducement is fatal to a contract. One induced by fraud may stand to the bargain and recover damages for the

**390**

fraud, or he may rescind. *Dallas Farm Machinery Co. v. Reaves,* Tex., 307 S.W.2d 233; *Central Mtr. Co. v. Thompson,* Tex. Civ.App. (Waco) NWH, 465 S.W.2d 405; *Pierson v. Holligan,* Tex.Civ.App. (Waco) Er.Dismd WOJ, 497 S.W.2d 637; *Patane v. Sartin,* Tex.Civ.App. (Waco) 540 S.W.2d 422.

Plaintiff plead and proved a cause of action for fraud in the inducement; that defendant is a Corporation; and that plaintiff's cause of action or a part thereof arose in McLennan County.

Venue is maintainable in McLennan County under Subdivision 23, Article 1995 VATS; *Tufts v. Herider Farms, Inc.,* Tex. Civ.App. (Tyler) NWH, 461 S.W.2d 257.

While plaintiff did not assert venue by virtue of Subdivision 7, he plead and proved a cause of action for fraud in the inducement occurring in part in McLennan County, and it is our duty to sustain a judgment of a trial court on any theory of law applicable to the case. *Golf Land Co. v. Atlantic Refining Co.,* Tex. 131 S.W.2d 73; *Custom Leasing Inc. v. Texas Bank & Trust Co.,* Tex., 516 S.W.2d 138.

And a venue case must be affirmed if the petition and proof bring the case within any exception to exclusive venue. *Bryant v. Kimmons,* Tex.Civ.App. (Austin) NWH, 430 S.W.2d 73; *Southern County Mutual Ins. Co. v. Douglas,* Tex.Civ.App. (Waco) Er.Dismd WOJ, 392 S.W.2d 599.

Venue is maintainable in McLennan County under Subdivision 7, Article 1995 VATS; *Pierson v. Holligan,* supra; *Patane v. Sartin,* supra.

Defendant's point 2 is overruled, and points 1 and 3 are immaterial under our view of the case.

AFFIRMED.