**L & B OIL COMPANY, INC.,** Appellant,

v.

**Jim ARNOLD, Jr., et al.,** Appellees.

No. 6284.

Court of Civil Appeals of Texas,
Waco.

July 16, 1981.

Rehearing Denied Sept. 3, 1981.

F. Hastings Pannill, Sr., Robert E. De-Long, Jr., Pannill & Morgan, Huntsville, for appellant.

Jim Arnold, Jr., Elizabeth R. Todd, Law Offices of Jim Arnold, Jr., Austin, for appellees.

## OPINION

McDONALD, Chief Justice.

This is an appeal by defendant L & B Oil Company from judgment of the trial court overruling its plea of privilege to be sued in Harris County.

Plaintiffs Jim Arnold, Jr. and his parents, Jim Arnold, Sr. and wife, sued defendant L & B Oil Company alleging: defendant is a corporation; that plaintiff Jim Arnold, Jr. owns 378.235 acres in Williamson County; that plaintiffs Jim Arnold, Sr. and wife own 58.565 acres in Williamson County; that in September 1978 defendant offered plaintiffs $10 per acre bonus on both tracts for an oil and gas lease, and plaintiffs accepted the offer; that defendant gave plaintiffs two mineral leases on the properties to sign and two 30 day sight drafts for $3,782.35 and $585.65 representing the bonus payments; that defendants represented the drafts would be paid promptly on presentation with the signed leases, subject only to defendant's confirmation that no title defects existed as to the properties; that plaintiff Jim Arnold, Jr. signed and returned his lease with the draft to defendant in October 1978 and the Jim Arnolds, Sr. signed and returned their lease with the draft early in December 1978; that defendant in November 1978 and December 1978 notified plaintiffs of its refusal to honor the drafts, representing its action was based on an "unacceptable title opinion"; that plaintiffs made demand on defendant for the full amount of its indebtedness; that the agreement was made and negotiated exclusively in Travis County; that plaintiffs' causes of action for breach of contract and fraud arose in Travis County; that in September 1979 defendant deposited to Jim Arnold, Jr.'s account the delay rentals called for under his lease. Plaintiff Jim Arnold, Jr. prayed for damages of $3,782.35 for the bonus on his land; plaintiffs Jim Arnold, Sr. and wife prayed for $585.65 for the bonus on their land.

Defendant filed its plea of privilege to be sued in Harris County, the county of its residence.

Plaintiffs controverted asserting venue maintainable in Travis County under Subdivisions 7 and 23, Article 1995, VATS.

After hearing the trial court overruled defendant's plea of privilege.

Defendant appeals asserting the trial court erred in overruling its plea of privilege because: 1) there is no evidence and/or insufficient evidence to support a finding of fraud by defendant; 2) there is no evidence to support any finding or implied finding of venue facts sufficient to maintain venue in Travis County under Subdivision 23.

Subdivision 23, Article 1995, VATS, provides that "suits against a corporation * * may be brought * * in the county in which a cause of action or part thereof arose * * ".

The venue facts are thus: 1) that defendant is a corporation; 2) that plaintiffs have a cause of action against defendant; 3) that some part of the transaction creating the primary right *or* some part of the transaction relating to the breach must have occurred in the county in which suit was brought.

■ Plaintiff alleged defendant was a corporation. Defendant did not deny by verified pleading pursuant to Rules 52 and 93 TRCP that it was not a corporation. When a venue fact is one which can be put in issue only by a verified pleading and the defendant does not interpose such a plea, the plaintiff is not required to prove the same. *Ladner v. Reliance Corp.*, 156 Tex. 158, 293 S.W.2d 758; *Ginther-Davis Const. Co. v. Bryant-Curington*, (Tex.Civ.App.) (Waco) NWH, 614 S.W.2d 923.

All dealings between plaintiffs and defendant occurred in plaintiffs' office in Austin, Travis County, Texas; the leases were negotiated and signed; the sight drafts were signed and delivered to plaintiffs; defendant's agent told plaintiffs the drafts would be paid promptly subject to approval of title; all in Travis County.

Thereafter defendant refused to honor the drafts for the $10 per acre bonus, assigning as reason as to the Jim Arnolds, Sr. that the title was: 1) clouded and 2) "nothing appears in the chain in regard to W. J. Bragg in whom title was vested" [at one time]. Plaintiffs then called defendant's attention to a proof of heirship on W. J. Bragg, which the trial court was authorized to believe cured the objection, and which had been on file in the County Clerk's office for 11 years. See *Mathews v. Caldwell*, Tex.Com.App., 258 S.W. 810.

■ As to Jim Arnold, Jr., it was stated that the Company understood he had signed a lease with someone else (although his property was included in the defendant's attorney's title opinion). Moreover, in the case of Jim Arnold, Jr., defendant by depositing to his account the delay rentals recognized the existence of the contract and waived the right to approve the title. *Atomic Fuel Extraction Corp. v. Slick's Estate*, Tex.Civ.App. (San Antonio) NRE, 386 S.W.2d 180; *Equitable Life Assur. Society v. Ellis*, 105 Tex. 526, 152 S.W. 625.

■ The evidence is ample to sustain the trial court's judgment as to Jim Arnold, Jr. under Subdivision 23; and is ample to sustain such judgment as to the Jim Arnolds, Sr. under Subdivision 23. See *Polar Bear Ice Cream Co., Inc. v. Earhart*, Tex.Civ.App. (Waco) Er.Dismd. WOJ, 603 S.W.2d 388.

Subdivision 7, Article 1995, VATS, provides in all cases of fraud suit may be brought in the county where the fraud was committed.

Plaintiffs plead that defendant represented that the drafts would be paid promptly upon presentation subject only to confirmation that no defects existed in the title to the property; that defendant refused to pay the drafts representing its action was based on an "unacceptable title opinion".

There is evidence plaintiffs cured the title with the affidavit of heirship, and defendant still refused to pay.

■ In the absence of special exceptions, plaintiffs' petition will be liberally construed in pleaders' favor and to support the judgment. *Scott v. Gardner*, 137 Tex. 628, 156 S.W.2d 513; *Patterson v. Hatfield-Holcomb, Inc.*, Tex.Civ.App. (Waco) NWH, 582 S.W.2d 899.

■ Fraud in the inducement is fatal to a contract. One induced by fraud may stand to the bargain and recover damages for the fraud or he may rescind. *Dallas Farm Machinery Co. v. Reaves*, 158 Tex. 1, 307 S.W.2d 233; *Central Motor Co. v. Thompson*, Tex.Civ.App. (Waco) NWH, 465 S.W.2d 405; *Pierson v. Holligan*, Tex.Civ.App. (Waco) Er.Dismd., 497 S.W.2d 637; *Patane v. Sartin*, Tex.Civ.App. (Waco) NRE, 540 S.W.2d 422; *Polar Bear Ice Cream Co., Inc. v. Earhart*, supra.

■ The evidence is ample to sustain implied findings of the trial court of fraud on the part of defendant.

Defendant's points are overruled.

AFFIRMED.