

# NUMBER 13-08-262-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

**KIRBY ALBRIGHT,**                                                      **Appellant,**

**v.**

**REGIONS BANK,**                                                          **Appellee.**

### On appeal from the 382nd District Court
### of Rockwall County, Texas.

# MEMORANDUM OPINION

### Before Justices Rodriguez, Garza, and Vela
### Memorandum Opinion by Justice Vela

This is an appeal from the granting of two prejudgment writs of garnishment and two motions for summary judgment in favor of appellee, Regions Bank, against appellant, Kirby Albright. Albright raises four issues on appeal, contending that the trial court's orders were

erroneous.  We reverse and remand.

## I. BACKGROUND

**A.  The Garnishments**

Albright, a property developer, began building luxury condominiums in Rockwall in 2003.  During this time, he incorporated an entity named Phillip Shepherd Portofino, Inc., which became the general partner in a limited partnership called Villas de Portofino, Ltd. ("Portofino").  Portofino entered into two contracts with Regions Bank ("The Bank").  One was entered into on June 11, 2003 for $1,065,668.00 ("Note 1").  Note 1 was renewed on March 25, 2005 in the principal amount of $202,169.00. On September 25, 2003 the Bank and Portofino entered into another note for $1,053,193.00 ("Note 2").  Note 2 was also renewed and extended on September 25, 2005, at which time the outstanding principal was $839,236.00.

Subsequently, the Bank sued Albright for fraud and fraudulent misrepresentation. It alleged that on September 8, 2005, Albright fraudulently received $138,373.29 for the sale of one of the condominium units, and that the proceeds of the sale should have been paid to the Bank.  On the same day it filed suit, the Bank filed an application for prejudgment writs of garnishment.  The trial court issued two writs of  garnishment: one garnishing Albright's funds deposited in American National Bank of Texas ("ANB"), and one garnishing Albright's funds that were held by  Extraco Bank ("Extraco").

After the writs of garnishment had issued, the Bank amended its pleading, adding an additional claim that Portofino defaulted on the terms of Note 2, the renewal and the guaranty, and that the remaining principal on that note was $320,110.32.

2

**B. The First Summary Judgment**

After the garnishments, the Bank accelerated Portofino's debt of $863,000.00. The Bank sold three condominiums and received $522,750.00. The Bank then sued Albright for the remaining deficiency based on his personal guaranty. The trial court granted summary judgment in favor of the Bank in the amount of the deficiency.

**C. The Second Summary Judgment**

The trial court also granted a second summary judgment to the Bank, in which it ordered that Albright take nothing on his counterclaims for wrongful foreclosure, tortious interference with contract, fraud, conspiracy, and wrongful garnishment.

## II. ANALYSIS

**A. The Law with Respect to Prejudgment Garnishment**

By his first issue, Albright argues that the trial court erred in granting the prejudgment writs of garnishment. Prejudgment garnishment is purely a statutory procedure. *Beggs v. Fite*, 130 Tex. 46, 106 S.W.2d 1039, 1042 (1937). The grounds for issuing a writ of garnishment are set forth in section 63.001 of the Texas Civil Practice and Remedies Code:

A writ of garnishment is available if:

(1) an original attachment has been issued;

(2) a plaintiff sues for a debt and makes an affidavit stating that:

    (A) the debt is just, due, and unpaid;

    (B) within the plaintiff's knowledge, the defendant does not possess property in Texas subject to execution sufficient to satisfy the debt; and

3

(C) the garnishment is not sought to injure the defendant or the garnishee; or

(3) A plaintiff has a valid, subsisting judgment and makes an affidavit stating that, within the plaintiff's knowledge, the defendant does not possess property in Texas subject to execution sufficient to satisfy the judgment.

TEX. CIV. PRAC. & REM. CODE ANN. § 63.011 (Vernon 2008).

A writ of garnishment may be issued only when the demand is not contingent, is capable of ascertainment by the usual means of evidence, and does not rest in the discretion of the jury. *In re Tex. Am. Express, Inc.*, 190 S.W.3d 720, 725 (Tex. App.–Dallas 2000, orig. proceeding). When damages are unliquidated and in their nature uncertain, the demand is not subject to garnishment. *Id*. Further, a tort action is not subject to garnishment because it is both contingent and unliquidated. *Id*.; *Cleveland v. San Antonio Bldg. & Loan Ass'n*, 223 S.W.2d 226, 228 (Tex. 1949). A fraud claim is not proper as a basis for allowing a prejudgment garnishment order because, as a tort matter, the damages are unliquidated and uncertain. *Fogel v. White*, 745 S.W.2d 444, 446 (Tex. App.–Houston [14th Dist.] 1988, orig. proceeding).

## B. Application

Here, the Bank's underlying petition urged causes of action against Albright for fraud and fraudulent misrepresentation. It stated that Albright obtained the $138,373.29 fraudulently. The Bank pleaded that Albright made material misrepresentations to the title company that he was entitled to a portion of the proceeds, and, "as a result of Albright's misrepresentations, Regions Bank has been injured in an amount in excess of the jurisdictional limits of this court." The Bank also sought exemplary damages to deter "such fraudulent conduct." Likewise, the Bank's application for prejudgment garnishment stated

4

that Albright made misrepresentations that were willful and malicious.

The garnishor must establish each statutory ground. *A. Wolfson's Sons, Inc. v. First State Bank of Corpus Christi*, 697 S.W.2d 753, 756 (Tex. App.–Corpus Christi 1986, writ ref'd n.r.e.). Here, the underlying pleading alleged either fraud or fraudulent misrepresentation. These are both considered to be tort actions. *See Sanders v. City of Grapevine*, 218 S.W.3d 772, 779 (Tex. App.–Fort Worth 2007, pet. denied) (stating that fraud is an intentional tort); *Cheek v. Zalta*, 693 S.W.2d 632, 635 (Tex. App.–Houston [14th Dist.] 1985, no writ) (discussing the measure of damages for a common law tort action of fraudulent misrepresentation). Because the Bank's actions against Albright clearly sounded in tort, they are not subject to prejudgment garnishment. We conclude that the trial court erred in granting the writs of garnishment and accordingly sustain Albright's first issue.

## C. The Summary Judgment on the Deficiency and Guaranty

By his second issue, Albright contends that the trial court erred in granting the Bank's first motion for summary judgment and finding Albright liable, on Note 2, for a deficiency on Portofino's indebtedness to the Bank under his personal guaranty. In order to prevail on the claim pursuant to the note, the Bank was required to prove: (1) the existence of the note in question; (2) that Albright signed the note; (3) that the Bank was the legal owner and holder of the note; and (4) the balance certain on the note. *See, e.g., Rea v. Sunbelt Sav. F.S.B.,* 822 S.W.2d 370, 372 (Tex. App.–Dallas 1991, no writ). In order to recover on the guaranty, the Bank was required to show: (1) the existence and ownership of the guaranty contract; (2) the terms of the underlying promissory note; (3) the

5

default of the debtor under which liability is based; and (4) the failure or refusal to perform the promise by the guarantor. *See Marshall v. Ford Motor Co.*, 878 S.W.2d 629, 631 (Tex. App.–Dallas 1994, no writ).

### 1. Standard of Review

A no-evidence summary judgment is equivalent to a pretrial directed verdict, and we apply the same legal sufficiency standard on review. *Mack Trucks, Inc. v. Tamez*, 206 S.W.3d 572, 581 (Tex. 2006). Once an appropriate motion for no-evidence summary judgment is filed, the burden of producing evidence is entirely on the non-movant; the movant has no burden to attach any evidence to the motion. TEX. R. CIV. P. 166a(i). To defeat a no-evidence motion for summary judgment, the non-movant must merely produce a scintilla of probative evidence to raise a genuine issue of material fact. In determining whether the non-movant has met its burden, we review the evidence in the light most favorable to the non-movant, crediting such evidence if reasonable jurors could, and disregarding contrary evidence unless reasonable jurors could not. *Tamez,* 206 S.W.3d at 582; *City of Keller v. Wilson,* 168 S.W.3d 802, 827 (Tex. 2005).

We review the trial court's granting of a traditional motion for summary judgment de novo. *See Provident Life & Accident Ins. Co. v. Knott,* 128 S.W.3d 211, 215 (Tex. 2003); *Branton v. Wood,* 100 S.W.3d 645, 646 (Tex. App.–Corpus Christi 2003, no pet.). When reviewing a traditional summary judgment, we must determine whether the movant met its burden to establish that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c); *Sw. Elec. Power Co. v. Grant,* 73 S.W.3d 211, 215 (Tex. 2002); *City of Houston v. Clear Creek Basin Auth.,* 589

6

S.W.2d 671, 678 (Tex. 1979). The movant bears the burden of proof in a traditional motion for summary judgment, and all doubts about the existence of a genuine issue of material fact are resolved against the movant. *See Sw. Elec. Power Co. v. Grant*, 73 S.W.3d at 215. We take as true all evidence favorable to the non-movant, and we indulge every reasonable inference and resolve any doubts in the non-movant's favor. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005).

We will affirm a traditional summary judgment if the record establishes that the movant has conclusively proved its defense as a matter of law or if the movant has negated at least one essential element of the plaintiff's cause of action. *See IHS Cedars Treatment Ctr. of DeSoto, Tex., Inc. v. Mason,* 143 S.W.3d 794, 798 (Tex. 2004); *Am. Tobacco Co. v. Grinnell,* 951 S.W.2d 420, 425 (Tex. 1997); *Clear Creek Basin Auth.,* 589 S.W.2d at 678. A matter is conclusively established if reasonable people could not differ as to the conclusion to be drawn from the evidence. *City of Keller*, 168 S.W.3d at 816. Only when the movant has produced sufficient evidence to establish its right to summary judgment does the burden shift to the plaintiff to come forward with competent controverting evidence raising a genuine issue of material fact with regard to the element challenged by the defendant. *Rhone-Poulenc, Inc. v. Steel,* 997 S.W.2d 217, 223 (Tex. 1999); *see Centeq Realty, Inc. v. Siegler,* 899 S.W.2d 195, 197 (Tex. 1995).

### 2. Application

The summary judgment evidence showed that on March 25, 2003, Portofino executed a promissory note to the Bank in the amount of $1,053,193.00. On March 25, 2005, the Bank and Portofino executed a renewal, extension, and modification of the note.

7

Albright executed a guaranty agreement on renewal of note and promised to pay Portofino's debt. The Bank urged that Portofino and Albright defaulted on their obligations and consequently owed $320,110.32, plus interest. The motion was supported by the promissory note, dated September 25, 2003, the renewal documents, the affidavit of Scott Conrad, the Bank's counsel (regarding attorney fees), and the affidavit of Ronald Fuqua, senior vice-president for the Bank.

In response, Albright attached the affidavit of Lowell Moon, a real estate appraiser, who appraised the properties at $737,000.00. Albright also included the affidavit of Brad Tidwell, the Bank's loan officer, as well as excerpts from Tidwell's deposition. The summary judgment evidence also included Albright's affidavit in which he stated "I reject and dispute the claim of Regions that I owe the Bank $320,110.32. All offsets and credits have not been given as alleged in the Fuqua affidavit. I further reject and dispute the claim of Regions that I owe $45,561.90 as attorney's fees."

Albright first argues that Fuqua's affidavit is insufficient because it concluded that after all just and lawful offsets and credits had been allowed, there remained a balance of $320,110.32. An affidavit made on personal knowledge of the bank officer, which identifies the notes and guaranty and recites the principal and interest due is not conclusory, and is sufficient to support a summary judgment motion. *Am. 10–Minute Oil Change, Inc. v. Metro. Nat'l Bank*, 783 S.W.2d 598, 601 (Tex. App.–Dallas 1989, no writ); *8920 Corp. v. Alief Alamo Bank*, 722 S.W.2d 718, 719-20 (Tex. App.–Houston [14th Dist.] 1986, writ ref'd n.r.e.). The affidavit was sufficient to establish the amount owed. Further, Albright's affidavit does not create a fact issue because his statements that all offsets and credits had not been allowed, without more, are not sufficient to avoid summary judgment. *See*

8

*e.g. Life Ins. Co. of Virginia v. Gar-Dal, Inc.,* 570 S.W.2d 378, 382 (Tex. 1978)*; Keenan* v. *Gibralter Sav. Ass'n,* 754 S.W.2d 392, 394 (Tex. App.–Houston [14th Dist.] 1988, no writ).

Next, Albright urges that a fact issue existed with respect to his affirmative defense that the Bank caused the default and defrauded Albright of his funds. Albright states that the Bank's wrongful garnishment prevented him from having funds and credit available to service the debts. According to Albright's affidavit, he had $43,747.42 in his account at ANB bank at the time of the garnishment. Further, he swore that he had a line of credit with Extraco Bank for $111,600.00 at the time of the garnishment. Albright stated that he could have used that line of credit in financing his obligations to the Bank.

We have previously held in this opinion that the garnishments were improper because the Bank pleaded only a tort claim, which is not the proper subject of a pre-judgment garnishment claim. Garnishment is considered a harsh remedy and is not favored. *Varner v. Koons*, 888 S.W.2d 511, 513-14 (Tex. App.–El Paso 1994, orig. proceeding). There is some evidence, by way of Albright's affidavits, to show that the garnishments set in motion a series of events that prevented him from having funds and credit available to service the debt. This evidence raises a fact issue, which precludes summary judgment. We sustain Albright's second issue.

**D. Summary Judgment on the Wrongful Garnishment Claim**

By his third issue, Albright argues that the trial court erred in granting the Bank's second motion for summary judgment that Albright take nothing on his counterclaim for

wrongful garnishment.[1]  A garnishment is wrongful if the facts set forth in the affidavit are false or if the debt or judgment alleged to be the basis for the garnishment is non-existent or not sufficient to support the writ.  *Aetna Cas. & Sur. Co. v. Raposa*, 560 S.W.2d 106, 109 (Tex. App.–Fort Worth 1977, writ dism'd).

Albright urged that the evidence raised numerous fact issues with regard to his wrongful garnishment claim, including:

● The Bank's prejudgment writ of garnishment was based on fraud.

●  The bank officer who signed the affidavit did not check the file to determine Albright's assets before swearing that Albright did not have sufficient property in Texas.

●  Albright's affidavit states that he had a banking relationship with Extraco which was satisfactory until February 2006.  Following the garnishment, Extraco withdrew his line of credit.  Albright attached copies of Extraco's letter to his summary judgment response wherein Extraco will not make further advances on his line of credit.

● The affidavit supporting the garnishment stated that Albright had a debt to the Bank that was due and owing.  At the time of the garnishment Albright was a guarantor, not the borrower.

● The Bank later used the default to accelerate and foreclose on another note.

We agree that there is a fact issue with respect to the wrongful garnishment claim because the initial garnishments were improper.  At the time the writs were issued there was not a debt—there was an allegation of fraud.  Albright's evidence was sufficient to raise a fact issue with respect to whether or not the garnishment was wrongful.  Albright's third issue is sustained.

---

[1]The trial court also granted summary judgment in favor of the Bank on Albright's wrongful foreclosure, tortious interference with contract, fraud, and conspiracy counterclaims.  Albright does not appeal these rulings.

**E. Attorney's Fees**

By Albright's fourth issue, he raises numerous arguments concerning the impropriety of the award of attorneys fees. Reversal of a trial court's award of attorney's fees is warranted when a court reverses the grant of a summary judgment on appeal. *See Friedman v. Atl. Funding Corp.*, 936 S.W.2d 38, 42 (Tex. App.–San Antonio 1996, no writ). Because we have sustained all of Albright's issues in this case, we also reverse the award of attorney's fees.

### III. CONCLUSION

We reverse the judgment of the trial court and remand for further proceedings consistent with this opinion.

ROSE VELA
Justice

Memorandum Opinion delivered and
filed this 29th day of October, 2009.

11